IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL ACTION |
| v. | : | |
| FERNANDO GARCIA | : | NO. 04-662-1 |

MEMORANDUM

Bartle, J.                                                     January 10, 2012

Before the court is the motion of Fernando Garcia ("Garcia") for a writ of audita querela and for appointment of counsel.

On May 11, 2005, a jury found Garcia guilty of: (1) one count of distribution, and aiding and abetting the distribution, of more than 500 grams of cocaine, in violation of 21 U.S.C. § 841(a)(1); and (2) one count of distribution, and aiding and abetting the distribution, of more than 500 grams of cocaine near a school, in violation of 21 U.S.C. § 860(a).

Prior to trial, the government filed an information charging a prior felony drug conviction pursuant to 21 U.S.C. § 851. The information was based on Garcia's 1986 conviction in a New York state court for possession of a controlled substance in the second degree. See N.Y. Penal Law § 220.18. Based on this prior offense, Garcia faced an increased mandatory minimum penalty of 120 months' imprisonment instead of the mandatory minimum of 60 months' imprisonment that would otherwise apply.

See 21 U.S.C. § 841(b)(1)(B). This court sentenced Garcia to 120 months' imprisonment.

Garcia filed a timely notice of appeal. Thereafter, our Court of Appeals granted the motion of the government for summary affirmance of Garcia's conviction and sentence. The Supreme Court denied the petition of Garcia for a writ of certiorari on April 30, 2007.

The instant petition for a writ of audita querela, which is properly characterized as a motion to correct, vacate, or set aside Garcia's sentence under 28 U.S.C. § 2255, was not filed until November 9, 2011. See, e.g., Massey v. United States, 581 F.3d 172, 174 (3d Cir. 2009). This is his first § 2255 motion. It is subject to the time restrictions and other procedural requirements found in § 2255. Garcia can circumvent the one-year deadline for filing a § 2255 motion after his judgment of conviction became final on April 30, 2007 if his motion is based on a new rule of law and was filed within one year of "the date on which the right asserted was initially recognized by the Supreme Court ... and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2255(f)(3).

In support of his motion, Garcia points to the Supreme Court's recent holding in Carachuri-Rosendo v. Holder. 130 S. Ct. 2581 (2010). In Carachuri-Rosendo, the Court addressed the

issue whether a second state misdemeanor conviction for possession of narcotics was an "aggravated felony" barring a resident alien's petition for cancellation of deportation under the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1229b(a)(3).  Id. at 2580.  There, the resident alien had been sentenced to 20 days' imprisonment for possession of a small amount of marijuana and later 10 days' imprisonment after a conviction for possession without a prescription of one anti-anxiety tablet.  Id.  The Court held that the state misdemeanor conviction did not qualify as an "aggravated felony" under the INA merely because the underlying conduct could have been charged as a felony in the federal court.  Id. at 2589.

Garcia's reliance on Carachuri-Rosendo is completely misplaced.  Garcia's prior conviction here was not a state misdemeanor offense as in Carachuri-Rosendo but rather a state felony conviction which carried a maximum sentence of greater than one year.  Furthermore, Carachuri-Rosendo involved the interpretation of the INA, a completely different statute, and did not address the definition of a prior felony under 21 U.S.C. § 851.  Thus, even if Carachuri-Rosendo announced a new rule of law which is retroactively applicable to cases on collateral review, Garcia's motion fails.

Under § 851, Garcia's prior state conviction was properly considered a prior felony drug offense.  It is

irrelevant that he only served a sentence of five years' probation.  See 21 U.S.C. §§ 802(13), (44).

Accordingly, the motion of Garcia for relief under 28 U.S.C. § 2255 (improperly characterized as a writ of audita querela) will be denied, and we will decline to issue a certificate of appealability.